[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFlCATION OF SUPPORT
By motion dated April 16, 1998 Plaintiff father has requested modification of existing court orders relating to custody and support of two minor sons of the parties, i.e., Jacob age thirteen and Joseph, age nine. The dispute has been partially resolved, the parties having stipulated to a shared parenting arrangement. In brief, whereas formerly plaintiff had the children every other weekend (one night per week), he will now have them six nights out of every fourteen (three nights per week) and defendant eight nights during that period. Plaintiff presently is paying court ordered child support of $204.00 weekly.
The parties are in agreement that on the basis of their present weekly earnings as reflected in their current financial affidavits and with the plaintiff conceding net weekly earnings of $50.00 in his private practice, the basic support obligation for the two minor children is $405.00. Plaintiff's support amount on the strength of his earnings would be 43 percent of said amount or $213.00, and defendant's share would be 47 percent or $189.00.
Obviously, plaintiff is entitled to a reduction in his weekly child support payments in view of the stipulated modification of the visitation schedule. He has proposed to the court that he now pay defendant $175.00 per month (approximately $41.00 per week), that he be responsible for the children's Kung Fu lessons ($30 per week — defendant objects to this expenditure), and their haircuts, that he pay for the children's school lunches when they are residing with him, that the parties share day care expenses, and that each party purchase clothing for the children as they deem necessary. CT Page 1669
Defendant in turn proposes that plaintiff now pay $143.00 weekly in child support and that she be responsible for and pay all their expenses including daycare, school lunches, clothing, haircuts, lessons, and sports activities, excluding Kung Fu. She also proposed that the parties share equally all health expenses of the children.
The State Child Support and Arrearages Guidelines provide that in special circumstances, such as in shared custody arrangements, as is here the case, the court has discretion to deviate from the guidelines amount for purposes of equity. The task of the court is to determine what support payments by plaintiff to defendant is equitable under conditions now existing.
The court is mindful that defendant presently has the children six days a week, spends $70.00 per week for food and receives $204.00 per week from plaintiff. Without knowledge of the appetites of those involved, the court determines defendant's total daily cost for food to be $10.00 or $3.33 per person. Since under the new visitation schedule plaintiff has the two children three nights a week instead of one, it could be concluded she now expends $3.33 X 2 X 2 or $13.32 less per week than formerly. Defendant further states her weekly day-care costs to be $79.00.
With the above calculations as an admittedly poor guideline, defendant's proposal to accept $61.00 per week less in support than she is presently receiving appears to be eminently fair. Plaintiff's proposal that each parent purchase clothing for the two boys "as they deem necessary and appropriate" is, in the court's opinion, an invitation to disaster.
This court believes that orders in the realm of child support and visitation should be as clear and uncomplicated as possible with a precise designation of responsibility. They should also be fair to both parties. In an effort to follow this precept, this court orders that plaintiff shall pay defendant as weekly child support in accordance with the shared custody stipulation dated January 19, 1998, the sum of $143.00 per week. Defendant shall in turn be responsible for the two boys' day care expenses, piano lessons, allowances, school lunches, sports activities, school trips, haircuts and clothing. Plaintiff in turn shall pay all costs of Kung Fu lessons. CT Page 1670
Defendant shall carry health insurance for the two minor children as the same is available at her place of employment. Defendant shall submit to plaintiff bills for half the health insurance expenses at three month intervals, and plaintiff shall pay the same within thirty days thereafter. The parties shall equally share all non-reimbursed health expenses and the provisions of Sec. 46b-84d C.G.S. shall apply. Bills for unreimbursed medical expenses shall be sent by the recipient to the other party within one month thereafter and shall be reimbursed by said party within one month of receipt.
Concerning the issue of tax exemptions for the two children, defendant's proposal is opposed by plaintiff who claims accurately that in the original judgment "husband shall have both exemptions for the children". This court in reviewing the judgment, notes that on this issue the judgment also provides that "this exemption provision shall be modifiable at such time as wife is employed in the United States." Since both defendant's financial affidavit and her testimony before this court indicated she is presently employed in a responsible position at Aetna Insurance Company, it would appear that the original exemption order is overripe for modification. This court orders in this regard as follows:
Plaintiff shall claim Jacob as a dependant for tax purposes and defendant shall claim Joseph. When Jacob is no longer a dependent, the parties shall alternate taking Joseph as a dependent with plaintiff taking Joseph as a dependent in even numbered years and defendant in odd numbered years.
Lastly, this court confesses that it is utterly confused by the proposed orders of both counsel as they relate to arrearages. At any rate, it states that its orders concerning support be retroactive to July 17, 1998, the day the shared custody arrangement is understood to have become effective. With this as a guideline the court anticipates that any existing arithmetical problems can be resolved without its further assistance.
By the Court
___________________________ John D. Brennan Judge Trial Referee CT Page 1671